Mrs. Alice Posey, the plaintiff in this proceeding, alleges that the defendant, Mrs. Assumption N. Ege, is indebted to her in the sum of $161 because of a certain written contract of employment, reading as follows:
"New Orleans, La.
"Aug. 23, 1941.
"I agree to pay Mrs. Alice Posey the sum of $100.00 plus 50¢ per day to serve as matron and chaperon, for me while I am settling my sister Mrs. Jones estate, Alice Posey will be available every day, day-time only, as Mr. Cure will serve as my guard at nights. Mrs. Posey will be subject to my call every day if needed.
"This settlement will be made when I receive my money from Mr. Charles Stiffel.
"Effective Aug. 1, 1941.
"(Signed) Assumption N. Ege "1210 Caffin Avenue
"By power of Attorney
"(Signed) Lorenzo Cure "1218 Caffin Avenue"
It is alleged that this contract was signed in the presence of Mrs. Ege by her attorney-in-fact, Mr. Lorenzo Cure, pursuant to a written power of attorney. It is further alleged that she served for one hundred and twenty-two days in the capacity of "matron and chaperon" and that, therefore, there is due her the $100 mentioned in the contract plus fifty cents per day for one hundred and twenty-two days, or a total of $161.
The defendant prayed for oyer of the power of attorney and then filed exceptions of no cause and of no right of action, together with her answer which was, in effect, a general denial.
After overruling the exceptions the case was tried on its merits and resulted in a judgment in favor of defendant dismissing plaintiff's suit. She has appealed.
The exceptions are based upon the contention that the action of Lorenzo Cure, the attorney in fact, exceeded the scope of his authority as conferred upon him by the power of attorney, which was limited to the business and affairs of Mrs. Ege arising out of and pertaining to her interest in the succession of her sister, Mrs. Jones, and did not contemplate the employment of a "matron and chaperon". However, plaintiff alleges and there is some proof to the effect that Mrs. Ege was present when this unusual contract was drawn and, if she was, it may well be said that she would be bound by it regardless of the limitation of the authority of her agent in the procuration. It seems to us that the exceptions were properly overruled.
There is no doubt that Mrs. Ege appointed Cure as her attorney-in-fact, though why she needed anyone to represent her in that capacity is not clear, since she was represented by an attorney-at-law, nor do we understand why it was necessary for her attorney-in-fact to serve as a guard at night. The same might be said of the employment of a "matron and chaperon". However that may be, the question is whether she did employ Mrs. Posey. She says that she knew nothing about the written agreement and was not present when it was drawn. She regarded Mrs. Posey as her friend, whose attention to her during the settlement of her sister's succession she thought to be entirely due to that relationship. She claims to have reciprocated Mrs. Posey's attentions by numerous gifts.
Mrs. Posey testified that Mrs. Ege was present when the contract was drawn by her agent, Cure, and that it was signed by her (Mrs. Ege) in her kitchen in the presence of Mr. Cure. Cure testified that the contract was drawn up in Mrs. Ege's kitchen and that Mrs. Ege herself started to write it on his typewriter when she suddenly exclaimed "I can't write on this damn *Page 289 
typewriter", whereupon she asked him to write it for her. He said, however, that Mrs. Posey was mistaken in saying that Mrs. Ege had signed the document.
Mrs. John Taranto, a sister of Mrs. Ege, testified that Mrs. Posey was employed by Mrs. Ege, though she knew nothing of the written contract. It appears, however, that Mrs. Taranto is not on speaking terms with Mrs. Ege. It also appears that Mr. Cure, whose power of attorney was subsequently revoked, has sued Mrs. Ege because of some real or fancied grievance growing out of his agency.
It is apparent that the trial judge did not consider the evidence, which preponderated in plaintiffs' favor, sufficiently credible to establish her claim with legal certainty and after carefully reviewing the record before us, we cannot say that his judgment was manifestly erroneous, consequently, and for the reasons assigned, the judgment appealed from is affirmed.
Affirmed.